Scott E. Gizer (State Bar Number 221962)
 *sgizer@earlysullivan.com*
Diane M. Luczon (State Bar Number 235059)
 *dluczon@earlysullivan.com*
Rebecca L. Claudat (State Bar Number 315736)
 *rclaudat@earlysullivan.com*
Ashley M. Payne, State Bar Number 346445
 *apayne@earlysullivan.com*
EARLY SULLIVAN WRIGHT
 GIZER & McRAE LLP
6420 Wilshire Boulevard, 17th Floor
Los Angeles, California 90048
Telephone: (323) 301-4660
Facsimile: (323) 301-4676

Attorneys for Plaintiff
ROBERT CHO

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT CHO, and individual,<br><br>Plaintiffs,<br><br>vs.<br><br>SHRINERS HOSPITALS FOR CHILDREN, a non-profit Corporation; and DOES 1-20, inclusive,<br><br>Defendants. | Case No.: 2:25-cv-9434-RGK (SKx)<br><br>**JOINT RULE 26(f) REPORT**<br><br>Date:    January 26, 2026<br>Time:    9:00 a.m.<br>Crtrm.:  850 |

EARLY
SULLIVAN
WRIGHT
GIZER &
McRAE LLP
ATTORNEYS AT LAW

5834953.1

1

**JOINT RULE 26(f) REPORT**

Pursuant to the Court's December 9, 2025 Order Setting Scheduling Conference (ECF #16), Plaintiff Robert Cho ("Plaintiff" or "Dr. Cho") and Defendant Shriners Hospital for Children ("Defendant" or "Shriners") jointly submit this Joint Rule 26(f) Report following their Rule 26(f) Conference, which occurred on January 2, 2026.

### 1.    Statement of the Case

#### a.    Plaintiff's Statement

This case concerns the unlawful retaliation and termination against Plaintiff Dr. Robert Cho, who is a board certified and fellowship trained pediatric orthopaedic and spine surgeon, by Shriners. Dr. Cho has dedicated his life's work to treating children with orthopaedic and spinal disorders and he worked for Defendant Shriners Hospitals for Children at its Southern California hospital for nearly fifteen (15) years, from approximately 2010 to 2025. Dr. Cho held the leadership position of Chief of Staff at Shriners Southern California hospital for nearly ten (10) years, from approximately 2015 to late 2024. He was a loyal, dedicated, and passionate employee who spent nearly fifteen (15) years of his life committed to Shriners' mission and committed to helping make Shriners Southern California a successful medical institution profoundly impacting and improving the lives of children.

However, Shriners began to change how they treated patients. Accordingly, in September 2023, Dr. Cho attended a regional leadership meeting that had Shriners top executive and leaders in attendance, including members of the national Joint Boards of Shriners healthcare system. At the 2023 meeting, Dr. Cho complained about the manner in which international patients were being processed in the Shriners Global Patient Services and complained that the process was causing excessive delays to hundreds of patients resulting in harmful, preventable medical complications for these children.

Everything changed for Dr. Cho's career trajectory at Shriners after this complaint. Ultimately, around one (1) year after his first complaint, Dr. Cho was

5834953.1

2

**JOINT RULE 26(f) REPORT**

removed from his position of Chief of Staff and demoted. Then, around eighth (8) months after Dr. Cho's demotion, his employment with Shriners was unlawfully terminated and/or constructively terminated.

After nearly fifteen (15) years of employment at Shriners Southern California hospital, the Joint Boards of Shriners unlawfully terminated and/or constructively terminated Dr. Cho's employment for purported unprofessional behavior. However, the Joint Boards' stated reason for Dr. Cho's termination was pretextual and it is clear that Dr. Cho's termination was in direct retaliation for the complaints he made when advocating for patient care.

### b. Defendant's Statement

Shriners denies the conduct alleged in this lawsuit and denies that it engaged in any unlawful conduct toward Dr. Cho.

Dr. Cho began working for Shriners as an Orthopedic Surgeon in or around March 2010. In or around December 2015, Dr. Cho became Chief of Staff for Shriners' Los Angeles location (later relocated to Pasadena) and served in that role until around November 2024. Dr. Cho continued to work as an Orthopedic Surgeon and his employment with Shriners ended on or around May 9, 2025. Shriners ultimately terminated Dr. Cho following a vote of no confidence from the Board.

### 2. Subject Matter Jurisdiction

The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332. There is complete diversity of citizenship between the parties, and the amount in controversy exceeds $75,000, exclusive of attorneys' fees and costs. Plaintiff is citizen of California and Defendant is a citizen of Colorado and Florida. The amount in controversy exceeds at least $10,000,000. There are no dispute or any issues with respect to the Court's jurisdiction over this matter or the venue of this action. All parties to the action have been served and have filed responsive pleadings.

### 3. Legal Issues

The following legal issues must be determined in this action:



EARLY
SULLIVAN
WRIGHT
GIZER &
MCRAE LLP
ATTORNEYS AT LAW

5834953.1

3

**JOINT RULE 26(f) REPORT**

1.      Was Dr. Cho terminated/constructively terminated from his employment in retaliation for the complaints he made regarding unsafe patient care and conditions in violation of California *Health and Safety Code* Section 1278.5.

2.      Was Dr. Cho terminated/constructively terminated from his employment in retaliation for the complaints he made regarding unsafe patient care and conditions in violation of public policy.

3.      Was Dr. Cho terminated/constructively terminated from his employment in retaliation for the complaints he made regarding Shriners discriminating against patients based on national origin in violation of California Labor Code Section 1102.5.

4.      Did Dr. Cho suffer any adverse employment action based on the fact that he made complaints regarding unsafe patient care and conditions or because he engaged in any other protected activity.

5.      Did Shriners act with oppression, fraud, or malice in terminating Dr. Cho.

6.      Whether Shriners has established any of its defenses to any of the aforementioned claims.

7.      Whether Dr. Cho has been injured or damaged as a result of Shriners' actions.

**4.      Parties, Evidence, Etc.**

**a.      Parties**

The parties in this action are Plaintiff Robert Cho and Defendant Shriners Hospital for Children.  Shriners is a non-profit corporation.

**b.      Key Fact Witnesses**

Subject to further discovery and disclosures, the parties have identified the following key fact witnesses at the outset of this matter:

Dr. Robert Cho

Janet Amirkhanian


EARLY
SULLIVAN
WRIGHT
GIZER &
McRAE LLP
ATTORNEYS AT LAW

Lou Lazatin

Phillip Grady

Christopher Dougherty

Tony Lewgood

Kanayo Keri

Jeff Bear

Dr. Michael Wattenbarger

Henry "Chip" Iwinski

Ryan Vanderwerff

John McCabe

Jerry Gantt

Kathy Dean

Dr. Jennifer Weiss

Dr. Jonothan Koenig

Dr. Kristen Combs

Ariel Chan

Blair Fong

Dr. Robert Bernstein

Sarah Keever

Laura Kozloski

Maggie Kamal

Cassie Rodriguez-Feo

Amy Colon-Wingfield

Suzanne Marchione

Cynthia Nguyen

Dr. Frances Farley

Dr. Selina Poon

Joint Board members


EARLY
SULLIVAN
WRIGHT
GIZER &
MCRAE LLP
ATTORNEYS AT LAW

5834953.1

**JOINT RULE 26(f) REPORT**

### c.    Key Documents

Subject to further discovery and disclosures, the parties have identified the following key documents and categories of documents at the outset of this matter:

• Dr. Cho's employment file from 2010-2025, including but not limited to, W-2 paystubs, documents reflecting wages and compensation and any performance reviews.

• Dr. Cho's benefits package.

• Dr. Cho's retirement package.

• Dr. Cho's emails in which he voices concerns about patient care for international patients.

• Shriners' internal correspondence regarding Dr. Cho.

• Shriners' policy to prioritize providing care to domestic patients with insurance within the United States rather than treating patients from foreign countries both near and far.

• Documents relating to Dr. Cho's alleged damages.

• Documents related to Dr. Cho's mitigation efforts.

• Documents relating to Dr. Cho's current job position and salary.

• Plaintiff contends that documents regarding Shriners' financial condition are also relevant to the issue of punitive damages.  Defendant disputes that probing into such information is premature at this stage; this information is not yet relevant, and disclosure of such information would violate Defendant's privacy rights.

### 5.    Damages

Without prejudice to their right to recoup all appropriate damages, Plaintiff seeks monetary damages from Shriners in the form of general, special and compensatory damages from Shriners' alleged unlawful termination/constructive termination of Dr. Cho.  Plaintiff also seeks punitive damages from Shriners' alleged bad faith conduct, and attorneys' fees and costs as specified in the Complaint.

EARLY
SULLIVAN
WRIGHT
GIZER &
MCRAE LLP
ATTORNEYS AT LAW

**6.**     **Insurance**

Plaintiff does not have insurance.  Shriners is self-insured for purposes of Plaintiff's claims. As such, the parties agree that there is no applicable insurance coverage governing this action.

**7.**     **Motions**

At present, Plaintiff does intend to file a First Amended Complaint to add a claim under California Labor Code Section 1102.5. Defendant has agreed to stipulate to this amendment.

Plaintiff does not anticipate filing any motion to add parties, transfer venue or for other related relief. Shriners currently does not anticipate adding other parties or claims, filing amended pleadings, transferring venue, or challenging the Court's jurisdiction.

**8.**     **Manual for Complex Litigation**

The parties do not believe that all or any part of the procedures of the Manual for Complex Litigation should be utilized for this case.

**9.**     **Status of Discovery**

The parties intend to serve initial disclosures by January 30, 2026 and serve written discovery before the January 26, 2026 Scheduling Conference.

**10.**     **Discovery Plan**

Written Discovery: The parties do not presently seek any changes to the Federal Rules of Civil Procedure or Local Rules concerning written discovery.

**Depositions:**  Plaintiffs anticipate deposing the following specific individuals presently or previously employed by/associated with Shriners:

Janet Amirkhanian

Lou Lazatin

Phillip Grady

Christopher Dougherty

Tony Lewgood



EARLY
SULLIVAN
WRIGHT
GIZER &
McRAE LLP
ATTORNEYS AT LAW

5834953.1

**JOINT RULE 26(f) REPORT**

Kanayo Keri

Jeff Bear

Dr. Michael Wattenbarger

Henry "Chip" Iwinski

Ryan Vanderwerff

John McCabe

Jerry Gantt

Kathy Dean

Dr. Jennifer Weiss

Dr. Jonothan Koenig

Dr. Kristen Combs

Ariel Chan

Blair Fong

Dr. Robert Bernstein

Sarah Keever

Laura Kozloski

Maggie Kamal

Cassie Rodriguez-Feo

Amy Colon-Wingfield

Suzanne Marchione

Cynthia Nguyen

Dr. Frances Farley

Dr. Selina Poon

Plaintiff may also depose members of the Joint Board. Upon designation, Plaintiffs will also depose any expert witnesses identified by Shriners. Discovery is continuing and Plaintiff reserves the right to identify and depose additional witnesses than those listed herein.

Shriners anticipates deposing Plaintiff and other individuals who are identified

5834953.1

8

**JOINT RULE 26(f) REPORT**

as witnesses from discovery and investigation. Shriners does not stipulate to Plaintiff taking in excess of 10 depositions as allowed by Federal Rule of Civil Procedure 30(a)(2)(A)(i).

**Subjects on Which Discovery is Needed:**  Without limitation of their rights to seek discovery on any relevant issue, Plaintiff anticipates that he will require discovery into, among other things, Dr. Cho's employment with Shriners before he made the protected complaints regarding patient care; Dr. Cho's employment with Shriners after he made the protected complaints regarding patient care; Dr. Cho's wages and compensation; Dr. Cho's benefits package; Dr. Cho's retirement package; Dr. Cho's complaints regarding patient care; Shriners reasons for Dr. Cho's demotion and then termination/constructive discharge; Shriners internal correspondence and communication regarding Dr. Cho; Shriners policy to prioritize providing care to domestic patients with insurance within the United States rather than treating patients from foreign countries both near and far; Shriners HR policies regarding employment and termination; and Shriners policies and historical practices regarding discipline of medical staff for unprofessional behavior.

Shriners anticipates it will require discovery regarding Dr. Cho's claims that Shriners retaliated against him.  Shriners will also need to explore Dr. Cho's allegations that Shriners wrongfully terminated his employment in violation of public policy.  Finally, Shriners will need to evaluate the scope and extent of Dr. Cho's damages claims and mitigation efforts undertaken by him.

**Electronically Stored Information:** The parties agree on electronic document production and to discuss and seek agreement on protocols with respect to identification, review, and production of electronically stored information. Electronically stored information will be produced in PDF format, and in native format for certain, large-scale documents to facilitate use by the parties. The parties will meet and confer regarding the scope and logistics of document production. The parties agree that this paragraph is not intended to alter the scope of discovery in this

**JOINT RULE 26(f) REPORT**

case.

**Claims of Privilege or Protection:** The parties will meet and confer on a proposed stipulated protective order governing confidential and/or proprietary materials that will also address the inadvertent production of privileged or otherwise protected materials.

**Modification of Discovery Rules:** The parties do not propose any modifications to the discovery procedures provided for in the Federal Rules of Civil Procedure. The parties do not believe that discovery should be conducted in phases.

**11.    Discovery Cut-Off**

The parties propose that fact, non-expert discovery conclude on December 31, 2026.

**12.    Expert Discovery**

The parties propose that expert disclosure occur on February 4, 2027, and that rebuttal expert disclosure occur on February 18, 2027, and that expert discovery conclude on March 4, 2027.

**13.    Dispositive Motions**

At present, Plaintiff is not aware of issues or claim that are appropriately resolved through motion for summary judgment or motion in limine but reserve the right to bring such motions should facts or circumstances develop that would justify such motions.

Shriners reserves the right to file a motion for summary judgment, or in the alternative, partial summary judgment/summary adjudication after completing key discovery on the basis that some, if not all, of Plaintiff's claims fail to state facts sufficient to state a cause of action.

**14.    Settlement/Alternative Dispute Resolution (ADR)**

No settlement discussions or written settlement communications have yet occurred. The parties would be open to mediate through a private mediator.

EARLY
SULLIVAN
WRIGHT
GIZER &
MCRAE LLP
ATTORNEYS AT LAW

### 15.    Trial Estimate

The parties expect to be ready for trial by the end of March 2027 or early April 2027.  This case will be a jury trial. The parties expect the trial of this matter will be ten days, including jury selection. Plaintiff anticipates calling approximately 15 witnesses, including retained expert witnesses, though this figure is subject to change as discovery proceeds. Defendant is not able to provide an anticipated number of witnesses at this time. The number of witnesses called may change based on discovery.

### 16.    Trial Counsel

Counsel for Plaintiff:                                          Counsel for Defendant:

Scott Gizer                                                          Allison V. Saunders
Diane Luczon                                                     Caleb Y. Lee
EARLY SULLIVAN WRIGHT                       FORD & HARRISON LLP
  GIZER & McRAE LLP                                350 South Grand Avenue, Suite 2300
6420 Wilshire Blvd., 17th Floor                  Los Angeles, CA 90071
Los Angeles, CA 90048

### 17.    Independent Expert or Master

The parties do not believe that this matter is suitable for reference to an independent expert or master.

### 18.    Amended Pleadings and Adding Parties

At present, Plaintiff does intend to file a First Amended Complaint to add a claim under California Labor Code Section 1102.5. Defendant has agreed to stipulate to this amendment.

Shriners currently does not anticipate adding other parties or claims, filing amended pleadings, transferring venue, or challenging the Court's jurisdiction.

### 19.    Other Issues

The parties are not presently aware of any other issues that will make this case unusual, challenging or difficult.


EARLY
SULLIVAN
WRIGHT
GIZER &
McRAE LLP
ATTORNEYS AT LAW

5834953.1

11

### 20. Consent to Proceed Before Magistrate Judge

The parties did not consent to the assignment of this matter to a Magistrate Judge.

Respectfully submitted,

Dated: January 16, 2026          EARLY SULLIVAN WRIGHT
                                  GIZER & McRAE LLP


                                 By:____/s/ Diane Luczon_____
                                     Scott E. Gizer
                                     Diane M. Luczon
                                     Attorneys for Plaintiff
                                     ROBERT CHO


Respectfully submitted,

Dated: January 16, 2026          FORD & HARRISON LLP


                                 By:____/s/ Allison V. Saunders_____
                                     Allison V. Saunders
                                     Caleb Y. Lee
                                     Attorneys for Defendant SHRINERS
                                     HOSPITALS FOR CHILDREN

EARLY
SULLIVAN
WRIGHT
GIZER &
McRAE LLP
ATTORNEYS AT LAW